UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ELYDIA POYDRAS | CIVIL ACTION NO. 14-443 |
| | JUDGE JOHN W. deGRAVELLES |
| VERSUS | |
| | MAG. JUDGE RICHARD L. BOURGEOIS, JR. |
| CIRCLE K STORES, INC. | JURY TRIAL DEMANDED |

## RULING AND ORDER

This matter comes before the Court on the Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (R.Doc. 8). Plaintiff opposes the motion (R.Doc 12). Oral argument is not necessary.

Considering the law and facts pled, the Court denies as moot the Defendant's Motion to Dismiss with respect to Plaintiff's Title VII claim, the Louisiana Employment Discrimination Law claim, and the claim for punitive damages under § 1981a. The Court denies Defendant's Motion to Dismiss Plaintiff's claim for abuse of right. Finally, Defendant's Motion to Dismiss Plaintiff's claim for intentional infliction of emotional distress is granted. Plaintiff shall have twenty-one (21) days from the signing of this order to amend the First Supplemental and Amending Complaint (R.Doc. 20) to assert any state law claims. If the Plaintiff fails to do so, then these claims shall be dismissed with prejudice.

## I. Background

*A. Allegations of the Complaint*

Plaintiff Elydia Poydras brought this suit against her former employer Defendant Circle

-1-

K Stores, Inc. ("Circle K") alleging federal and state law causes of action. Plaintiff alleges that, after she accepted a promotion to be a "Market Manager Trainee," she went on non-work related, approved FMLA leave. (Complaint, R.Doc. 1, p. 2). A little over a week later, on February 10, 2014, Plaintiff received a letter from the Human Resources department of Circle K saying she "must be reinstated to the same or equivalent job with the same pay, benefits, and terms and conditions of employment on [her] return from leave." (Id.).

On April 28, 2014, after Plaintiff supposedly returned to work, Craig Stevens, the Regional Operations Director for the Gulf Coast Business Unit of Circle K Stores, Inc., allegedly presented Petitioner with the option of being terminated or being demoted to an inferior position with a significant pay cut. (Id. at p. 3). Stevens allegedly demanded that Plaintiff give an answer the next day as to whether she wanted to resign or face demotion. (Id.). Stevens mentioned a "restructuring" which caused the termination/demotion, but Plaintiff claims that took place at the beginning of the fiscal year, 2013.

Plaintiff had several exchanges with Human Resources, requesting documentation of the offer, which Plaintiff eventually received in writing on April 30, 2014. (Id. at p. 3-4). The offer was for a position as "Store Manager," which paid less yearly and did not offer Plaintiff a company car. (Id. at p. 4).

Plaintiff claims that Circle K "harassed and bullied" her into taking a demotion "due to her exercising her right to take approved FMLA leave" and that, on May 1, 2014, Circle K forced Plaintiff into being constructively discharged. (Id.).

In her original Complaint (R.Doc. 1), Plaintiff asserted several causes of action, including (1) "discrimination ... because ... she took FMLA leave to which she was rightfully entitled, all in violation of Federal and Louisiana law", (2) "retaliation and reprisal in violation of Federal

and Louisiana law," (3) intentional infliction of emotional distress, (4) abuse of rights, (5) violations of the Louisiana Employment Discrimination Law, (6) violations of Title VII, (7) punitive damages pursuant to 42 U.S.C. §1981a, and (8) "all such other relief to which she is entitled at law or in equity." (Id. at p. 4-6).

*B. Procedural History*

On October 7, 2014, Defendant filed its Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6). (R.Doc. 8). Defendant objects to the following of Plaintiff's claims: (1) Title VII, (2) Punitive damages under 42 U.S.C. § 1981a, (3) abuse of rights, (4) the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, *et seq.*, and (5) general tort liability under Louisiana law. (R.Doc. 8, p. 1).

On October 28, 2014, Plaintiff filed an Opposition, conceding that the "Complaint inadvertently referenced Title VII, Louisiana's anti-discrimination law, and 42 U.S.C. §1981a." (R.Doc. 12, p. 1). Plaintiff explained how she intended to amend her Complaint to remove these claims.[1] Plaintiff went on to argue that she stated a valid cause of action for liquidated damaged pursuant to the FMLA, for abuse of rights, and for intentional infliction of emotional distress.

Additionally, Plaintiff filed her First Supplemental and Amending Complaint (R.Doc. 20). Defendant opposed the Plaintiff's motion to file the amended Complaint. (R.Doc. 16). Defendant argued "unnecessary multiple amendments can be avoided by waiting until the Motion to Dismiss is ruled upon, so that all amendments can be made at one time." (R.Doc. 16, p. 1).

---

[1] Plaintifff included an email from Circle K's counsel in which he objected "to an amendment of the Complaint which removes less than all the causes of action to which Defendant seeks dismissal in its Motion to Dismiss, if such amendment is to be filed before a ruling on the Motion to Dismiss." (R.Doc. 12-1).

The Magistrate Judge granted Plaintiff's Motion for Leave to File Supplemental and Amending Complaint. (R.Doc. 19). In the amended complaint, Plaintiff removed "all references to claims arising under Title VII and Louisiana's anti-discrimination law, La. R.S. 23:301, *et seq*.," and removed "all references to claims arising under 42 U.S.C. §1981[sic]." (R.Doc. 20). Presumably, Plaintiff intended to dismiss all of her §1981*a* claims.

## II. Discussion

*A. Rule 12(b)(6) Standard*

The Supreme Court has explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Interpreting Rule 8(a) and *Twombly*, the Fifth Circuit explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (emphasis added). Later, in *In re Great Lakes Dredge & Dock Co. LLC.*, 624 F.3d 201, 210 (5th Cir. 2010), the Fifth Circuit explained:

> To avoid dismissal [under Fed.R.Civ.P. 12(b)(6)], "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be plausible, the complaint's "[f]actual

allegations must be enough to raise a right to relief above the speculative level."
*Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. In deciding whether the complaint
states a valid claim for relief, we accept all well-pleaded facts as true and construe
the complaint in the light most favorable to the plaintiff. [*Doe v. Myspace,* 528
F.3d 413, 418 (5th Cir. 2008)] (citing [*Hughes v. Tobacco Inst., Inc.*, 278, 278
F.3d 417, 420 (5th Cir. 2001)]). We do not accept as true "conclusory allegations,
unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*,
484 F.3d 776, 780 (5th Cir.2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690,
696 (5th Cir.2005)); *see also Iqbal*, 129 S.Ct. at 1940 ("While legal conclusions
can provide the complaint's framework, they must be supported by factual
allegations.").

*Id.* at 215.

Analyzing the above case law, our brother in the Western District stated:

Therefore, while the court is not to give the "assumption of truth" to conclusions,
factual allegations remain so entitled. Once those factual allegations are
identified, drawing on the court's judicial experience and common sense, the
analysis is whether those facts, which need not be detailed or specific, allow "the
court to draw the reasonable inference that the defendant is liable for the
misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127
S.Ct. at 1965. This analysis is not substantively different from that set forth in
*Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery
must be undertaken in order to raise relevant information to support an element of
the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2),
remains that the defendant be given adequate notice of the claim and the grounds
upon which it is based. This standard is met by the "reasonable inference" the
court must make that, with or without discovery, the facts set forth a plausible
claim for relief under a particular theory of law provided there is a "reasonable
expectation" that "discovery will reveal relevant evidence of each element of the
claim." *Lormand*, 565 F.3d at 257, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965.

*Diamond Services Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3

(W.D.La. Feb. 9, 2011) (citation omitted).

Afterward, in *Harold H Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011),

the Fifth Circuit explained:

To survive a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A
claim for relief is plausible on its face "when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the defendant is liable
for the misconduct alleged." A claim for relief is implausible on its face when

-5-

> "the well-pleaded facts do not permit the court to infer more than the mere
> possibility of misconduct."

*Id.* at 796 (citations omitted). Finally, in *Thompson v. City of Waco, Texas*, 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit recently summarized the Rule 12(b)(6) standard as thus:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502-503 (citations and internal quotations omitted).

*B. Title VII, LEDL, and Punitive §1981a Claims*

Fed.R.Civ.P. 41(a)(1)(2) provides that, when claims are dismissed at plaintiff's request by court order, "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

When the Court granted the Plaintiff leave to file her First Supplemental and Amending Complaint (R.Doc. 20), Plaintiff voluntarily dismissed her claims under Title VII, LEDL, and §1981a through a court order. The Court effectively granted leave to dismiss the claims without requiring that the Plaintiff dismiss the claims with prejudice, so the claims were dismissed without prejudice.

In its reply, Circle K argues that the Plaintiff stipulated to the dismissal of the claims and thus the dismissal should be with prejudice. Circle K has cited to no authority requiring that the dismissal be with prejudice. Furthermore, Circle K errs by characterizing the dismissal as a stipulation; a stipulation is an agreement, and, as explained above, Circle K specifically objected to the amendment of the Complaint.

Accordingly, Defendant's Motion to Dismiss on these issues are denied as moot. *See Collier v. Batiste*, No. 05-19, 2005 WL 3543824, at *6 (E.D.La. Oct. 21, 2005) (denying as moot motion to dismiss Civil RICO claims because the Court had granted Plaintiffs' Motion to Withdraw Count 1).

*C. Abuse of Rights*

The Fifth Circuit has explained:

> Louisiana courts will apply the abuse of rights doctrine only when one of four conditions is met:
>
> (1) the exercise of rights exclusively for the purpose of harming another or with the predominant motive to cause harm;
>
> (2) the non-existence of a serious and legitimate interest that is worthy of judicial protection;
>
> (3) the use of the right in violation of moral rules, good faith or elementary fairness; or
>
> (4) the exercise of the right for a purpose other than that for which it was granted.

*Coleman v. School Bd. Of Richland Parish*, 418 F.3d 511, 524 (5th Cir. 2005).

Plaintiff argues that she has stated a valid cause of action for abuse of right because the Defendant refused to follow the law and its own internal policies and procedures in requiring Plaintiff to be terminated or demoted. Circle K, on the other hand, cites to a number of cases that hold that the abuse of rights doctrine cannot be applied in employment termination cases where the plaintiff is an at-will employee.

The Court finds the Circle K's cases distinguishable. In particular, in *Gallien v. Gott*, No. 07-1912, 2008 WL 821643 (W.D.La. March 27, 2008), which Circle K devotes the most attention to, the Court specifically states:

> Plaintiffs' Amended and Restated Complaint does not allege that adverse employment actions were taken against any of them in violation of specific

statutory or constitutional provision. Plaintiffs rely solely on Louisiana Civil
Code article 2315 and the abuse of rights doctrine.

*Id.* at *2. Here, conversely, Plaintiff relies on a specific statute - the FMLA - as the source of Defendant's obligation not to terminate the Plaintiff.[2]

Accordingly, Plaintiff appears to have alleged the second possible condition for an abuse of right claim - namely the non-existence of a serious and legitimate interest that is worthy of judicial protection. Whether the Plaintiff can ultimately prevail on this claim at trial is not the question before the Court. Thus, Defendant's motion to dismiss Plaintiff's abuse of right claim is denied.

### D. State Law Tort Claims

Plaintiff correctly states that, in order to recover for intentional infliction of emotional distress, plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe, and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from the conduct. *White v. Monsanto Co.*, 585 SO.2d 1205, 1209 (La. 1991).

Plaintiff states in her Opposition that she is "attempting to assert a claim against Defendant under Article 2315 for intentional infliction of emotional distress and not for some separate theory of tort." (R.Doc. 12, p. 7). Plaintiff claims that she alleged that Circle K "harassed and bullied into taking a demotion due to her exercising her right to take approved

---

[2] "The FMLA entitles employees to take reasonable leave for medical reasons. Additionally, the act prohibits employers from discharging or in any other manner discriminating against an individual for opposing any practice made unlawful by the act. The Department of Labor has interpreted this statutory provision to forbid employers from terminating employees for having exercised or attempted to exercise FMLA rights." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013) (citations omitted).

FMLA leave" and that Defendant's actions were "extreme, outrageous, sudden, and unexpected, especially given that Petitioner was suddenly unemployed facing extreme financial hardship." (R.Doc. 12, p. 7-8).

The Court agrees with the Defendant that the Plaintiff has not stated sufficient facts that rise to the level of intentional infliction of emotional distress. Part of the above allegations are legal conclusions about Circle K's conduct rather than independent factual allegations. Plaintiff simply needs more detailed allegations of extreme and outrageous conduct, more allegations that the distress was severe, and a further showing that Circle K knew or should have known that distress would occur.

However, the "Federal Rules of Civil Procedure provide that 'leave (to amend the complaint) shall be freely given when justice so requires." *Griggs v. Hinds Junior College*, 563 F.2d 179, 179-180 (5th Cir. 1977) (citations omitted). "Granting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim." *Id.* (citations omitted).

Accordingly, the Court will grant the Plaintiff twenty-one (21) days to amend her Amended Complaint to attempt to state a cause of action for intentional infliction of emotional distress, or whatever other tort plaintiff believes are appropriate given Circle K's alleged conduct of "harass[ing] and bull[ying]". If Plaintiff fails to amend these claims within twenty-one (21) days, they will be dismissed with prejudice.

### III. Conclusion

Considering the above,

**IT IS ORDERED** that, with respect to the Title VII claim, the Louisiana Employment Discrimination Law claim, and the claim for punitive damages under § 1981a, the Defendant's

Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (R.Doc. 8) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss Plaintiff's claim for abuse of right is **DENIED**; and

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss Plaintiff's claim for intentional infliction of emotional distress is **GRANTED**. Plaintiff shall have twenty-one (21) days from the signing of this order to amend the First Supplemental and Amending Complaint (R.Doc. 20) to assert any state law claims. If the Plaintiff fails to do so, then these claims shall be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on <u>December 11, 2014</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**